UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:13-cv-01231-RCJ-GWF |
| vs. ) | |
| ) | |
| SFR INVESTMENTS POOL 1, LLC, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This case arises out of the foreclosure of a residential property by a homeowners association. Pending before the Court are Cross Motions for Summary Judgment (ECF Nos. 13, 22). For the reasons given herein, the Court grants Plaintiff's motion and denies Defendant's.

**I.    FACTS AND PROCEDURAL HISTORY**

On or about February 9, 2005, non-party Anthony V. Roybal ("Borrower") gave Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") a $270,000 promissory note in exchange for proceeds in that amount to purchase real property at 2280 Laramine River Dr., Henderson, NV 89502 (the "Property"), as well as a first deed of trust against the Property. (*See* Compl. ¶¶ 1, 8–10, July 11, 2013, ECF No. 1). When Borrower became delinquent on his HOA dues, Nevada Association Services, Inc., as agent for Sunrise Ridge Master HOA, recorded an HOA lien against the Property and conducted a foreclosure sale, at which Defendant SFR Investment Pool 1, LLC ("SFR") obtained the property for $18,000. (*See id.* ¶¶ 11–12). Borrower's promissory note to

Plaintiff is in default. (*Id.* ¶ 13).

Wells Fargo sued SFR in this Court for declaratory relief that the HOA foreclosure did not extinguish the first mortgage, and to quiet title to that effect.  Defendant answered and filed counterclaims and third-party claims against Plaintiff, Borrower, and Bank of America, N.A. ("BOA") for declaratory relief that the HOA foreclosure extinguished Plaintiff's first mortgage, BOA's second mortgage, and any interest of Borrower in the Property, to quiet title to that effect, and for unjust enrichment.  Plaintiff and Defendant have filed cross motions for summary judgment.  SFR and BOA have filed a stipulation that BOA's second deed of trust was extinguished by the HOA foreclosure sale and that BOA claims no interest in the Property. Borrower has not appeared, and the docket indicates several failed attempt to reach him by mail. There is no indication he has been served.

## II.     LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden

of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  ANALYSIS

The parties do not appear to dispute the allegations, as recounted, *supra*. The question

before the Court therefore is a pure matter of law. The Court grants Plaintiff's motion and denies Defendant's.

First, the Court has opined in detail that the foreclosure of an HOA lien in Nevada does not extinguish a first mortgage recorded before the delinquencies giving rise to that HOA lien arose, which circumstance appears plain from the face of the FAC in this case. *See generally Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, --- F. Supp. 2d ----, 2013 WL 2460452 (D. Nev. 2013); *see also* Order Denying Reconsideration, July 30, 2013, ECF No. 46 in Case No. 2:13-cv-164. Most of the other courts in this District are in accord. *See, e.g.*, *Salvador v. Nat'l Default Servicing Corp.*, No. 2:13-cv-1011, 2013 WL 6019211 (D. Nev. Nov. 13, 2013); *Premier One Holdings, Inc. v. BAC Home Loans Servicing LP*, No. 2:13-cv-895, 2013 WL 4048573 (D. Nev. Aug. 9, 2013); *Kal-Mor-USA, LLC v. Bank of America, N.A.*, No. 2:13-cv-0680, 2013 WL 3729849 (D. Nev. July 8, 2013); *Weeping Hollow Ave. Trust v. Spencer*, No. 2:13-cv-544, 2013 WL 2296313 (D. Nev. May 24, 2013); *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, No. 2:12-cv-949, 2013 WL 531092 (D. Nev. Feb. 11, 2013). *But see 7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, No. 2:13-cv-00506, 2013 WL 5780793 (D. Nev. Oct. 28, 2013). The Nevada Supreme Court has not yet opined on the matter. The Court has not changed its opinion based upon Defendant's arguments in this case, which the Court has seen in other cases.

Second, as in *Bayview*, the purchase of real property free and clear for just under 7% of the initial value of the first deed of trust,[1] and just over 13% of the current market value of the Property, conservatively assuming that the Property is worth approximately 50% of its 2005 value and that Borrowers put no money down, would raise grave doubts as to the commercial reasonableness of the sale under Nevada law that would have to be addressed even if the Court

---

[1] The HOA foreclosure sale price here was $18,000, and the first deed of trust secured $270,000. (*See* Compl. ¶¶ 9, 12).

Page 4 of 6

were to rule otherwise as to the first mortgage rule. *See Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev. 1977).

The Court grants summary judgment against the unjust enrichment counterclaim, as well. Unjust enrichment requires the bestowing of a benefit upon the defendant by the plaintiff and acceptance by the defendant under circumstances where it would be inequitable not to require payment. *See Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967)). Counterplaintiff bestowed no benefit upon Counterdefendant or Third-party Defendants by "expend[ing] funds and resources in connection with the acquisition and maintenance of the Property." That is certainly true with respect to acquisition costs—if anything, the purported acquisition of the Property and subsequent denial of the continuing viability of the first deed of trust has done nothing but caused the other parties to expend their own funds to quiet the title. An unjust enrichment claim could lie in some cases where an owner of property sits by and accepts another's maintenance of his property without asking him to cease, but in this case, there is no evidence Wells Fargo "accepted" any ongoing maintenance of the property or was even aware of any.

The remaining claims are the third-party claims against Borrower. The Court will not enter judgment unless and until SFR indicates whether it wishes to pursue those third-party claims.

///
///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 22) is DENIED

IT IS FURTHER ORDERED that the Court hereby DECLARES that the deed of trust recorded with the Clark County Recorder as Book and Instrument No. 20050218-0002609 against the Property at 2280 Laramine River Dr., Henderson, NV 89502, APN No. 178-31-816-096, was not extinguished by the foreclosure sale to SFR Investments Pool 1, LLC occurring on or about April 26, 2013.

IT IS FURTHER ORDERED that title in the Property is QUIETED in the name of SFR Investments Pool 1, LLC, subject to the security interest of Wells Fargo Bank, N.A. represented by the deed of trust recorded with the Clark County Recorder as Book and Instrument No. 20050218-0002609.

IT IS SO ORDERED.

Dated:  This 4th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge