UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:13-cv-01231-RCJ-GWF |
| vs. | ) | |
| | ) | |
| SFR INVESTMENTS POOL 1, LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises out of the foreclosure of a residential property by a homeowners association. Pending before the Court is a Motion for Entry of Clerks Default (ECF No. 61). For the reasons given herein, the Court denies the motion.

On or about February 9, 2005, Anthony V. Roybal ("Borrower") gave Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") a $270,000 promissory note in exchange for proceeds in that amount to purchase real property at 2280 Laramine River Dr., Henderson, NV 89502 (the "Property"), as well as a first deed of trust against the Property. (*See* Compl. ¶¶ 1, 8–10, July 11, 2013, ECF No. 1). When Borrower became delinquent on his HOA dues, Nevada Association Services, Inc., as agent for Sunrise Ridge Master HOA, recorded an HOA lien against the Property and conducted a foreclosure sale, at which Defendant SFR Investment Pool 1, LLC ("SFR") obtained the property for $18,000. (*See id.* ¶¶ 11–12). Borrower's promissory note to Plaintiff is in default. (*Id.* ¶ 13).

1  Wells Fargo sued SFR in this Court for declaratory relief that the HOA foreclosure did
2  not extinguish the first mortgage, and to quiet title to that effect.  Defendant answered and filed
3  counterclaims and third-party claims against Plaintiff, Borrower, and Bank of America, N.A.
4  ("BOA") for declaratory relief that the HOA foreclosure extinguished Plaintiff's first mortgage,
5  BOA's second mortgage, and any interest of Borrower in the Property, to quiet title to that effect,
6  and for unjust enrichment.  Plaintiff and Defendant filed cross motions for summary judgment.
7  The Court granted Plaintiff's motion and denied Defendant's.  SFR and BOA later filed a
8  stipulation that BOA's second deed of trust was extinguished by the HOA foreclosure sale and
9  that BOA claimed no interest in the Property.

   SFR has asked the Clerk to enter default against Borrower as to its third-party claims.
The Clerk has for over six months declined to grant the motion, and the Court denies it.
Borrower has not appeared, but the affidavit of service adduced is proof of service upon BOA,
not upon Borrower. (*See* Aff. of Service, ECF Nos. 35, 63-1).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Entry of Clerks Default (ECF No. 61) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge