UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK N.A., <br><br> Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant. | 2:13-cv-01231-RCJ-GWF <br><br> **ORDER** |

This case arises out of a homeowners' association ("HOA") foreclosure sale. Pending before the Court are three motions for summary judgment.

**I.    FACTS AND PROCEDURAL HISTORY**

On or about February 9, 2005, Anthony V. Roybal gave Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") a $270,000 promissory note ("Note") in exchange for proceeds in that amount to purchase real property at 2280 Laramine River Dr., Henderson, NV 89502 (the "Property"), as well as a first deed of trust ("DOT") against the Property. (*See* Am. Compl. ¶¶ 4, 8–9, ECF No. 79). Wells Fargo became the assignee of the Note and DOT on or before May 24, 2010, when the assignment was recorded. (*See id.* ¶ 10). When Roybal became delinquent on his HOA dues, Nevada Association Services, Inc., as agent for Sunrise Ridge Manor HOA ("the HOA"),

recorded an HOA lien against the Property and conducted a foreclosure sale at which Defendant SFR Investments Pool 1, LLC ("SFR") purchased the Property for $18,000. (*Id.* ¶¶ 11–14).

Wells Fargo sued SFR in this Court for declaratory relief that the HOA foreclosure did not extinguish the first mortgage, and to quiet title to that effect. Defendant filed counterclaims and third-party claims against Wells Fargo, Roybal, and Bank of America, N.A. ("BOA") for declaratory relief that the HOA foreclosure extinguished Plaintiff's first mortgage, BOA's second mortgage, and any interest of Roybal in the Property, to quiet title to that effect, and for unjust enrichment. Wells Fargo and SFR filed cross motions for summary judgment. The Court granted Wells Fargo's motion and denied SFR's. SFR and BOA later filed a stipulation that BOA's second deed of trust was extinguished by the HOA foreclosure sale and that BOA claimed no interest in the Property. SFR asked the Clerk to enter default against Roybal as to its third-party claims, but the Court denied the motion because there was no evidence of service upon Roybal. The Clerk entered default after SFR submitted proof of service. The Court granted a stipulation to vacate its previous summary judgment order when the Nevada Supreme Court decided *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), ruling that HOA foreclosures extinguished first deeds of trust under Nevada Revised Statutes section ("NRS") 116.3116.

In the meantime, Wells Fargo had conducted a non-judicial foreclosure of the Property under Chapter 107 at which it purchased the Property itself. (*See* Am. Compl. ¶¶ 18–21). Wells Fargo filed the Amended Complaint ("AC") for declaratory relief, quiet title, and unjust enrichment. SFR filed the Counterclaim for quiet title, declaratory relief, wrongful foreclosure, unjust enrichment, injunctive relief, and intentional interference with contractual relations. Wells Fargo has now filed two summary judgment motions, and SFR has filed one.

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

**III.   ANALYSIS**

    **A.   The Quiet Title and Declaratory Judgment Claims and Counterclaims**

Since the briefs have been filed, the Court of Appeals has ruled that the opt-in notice scheme under Chapter 116 is facially unconstitutional under the Due Process Clause of the

Fourteenth Amendment. *See generally Bourne Valley Ct. Trust v. Wells Fargo Bank, N.A.*, No. 15-15233, 2016 WL 4254983 (9th Cir. 2016). That is enough to settle the declaratory judgment and quiet title claims and counterclaims in favor of Wells Fargo as a matter of law as to the HOA's foreclosure. The HOA's foreclosure did not extinguish the DOT against the Property, and Wells Fargo's trustee's deed based on its own foreclosure is valid absent some defect in that foreclosure. SFR has asked the Court to stay the case until a pending motion for en banc reconsideration of the *Bourne Valley* case is determined in the Court of Appeals. The Court will not stay the case based on the remote chance of en banc rehearing.

### B. The Wrongful Foreclosure Counterclaim

A common law wrongful foreclosure action only lies where there is a foreclosure in the absence of a default. *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). It is not disputed that Roybal was in default under the DOT, and the Court has ruled that the DOT survived the HOA's foreclosure. Moreover, SFR cannot challenge the Chapter 107 foreclosure under the statutes if such a challenge is not brought within 30 days of the date of sale or 45 days of the date of recordation of the trustee's deed, depending on which version of NRS 107.080(5)(b) was in effect at the time of the sale or recordation. Senate Bill 239, which enacted the change, became effective when Governor Sandoval signed it on June 1, 2015. *See* S.B. 239 § 6, 2015 Nev. Stat. 1609, 1620. It is undisputed that Wells Fargo's foreclosure sale occurred on August 18, 2014 and that the trustee's deed was recorded on August 27, 2014. (*See* Trustee's Deed, ECF No. 99-12). SFR first brought its wrongful foreclosure counterclaim via the present Counterclaim on January 19, 2016. Wells Fargo is therefore entitled to summary judgment against the wrongful foreclosure counterclaim under either the common law or Chapter 107.

///

**C.  The Unjust Enrichment and Intentional Interference with Contractual Relations Counterclaims**

Wells Fargo's alternative unjust enrichment claim is moot due to its success on its quiet title claim, and SFR notes in response that it thereby abandons its counterclaims for unjust enrichment and intentional interference with contractual relations.  The Court will briefly address the merits of those counterclaims for the record.

An unjust enrichment claim lies where a plaintiff alleges that he bestowed a benefit upon a defendant that in equity belongs to the plaintiff. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev.1997) (quoting *Unionamerica v. McDonald*, 626 P.2d 1272, 1273 (Nev.1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo.1967))); Restatement (First) of Restitution § 1 cmt. b (1937).  SFR argues that it has expended funds to maintain the Property in the interim, which provided an indirect benefit to Wells Fargo.  Wells Fargo does not appear to deny that any such expenditures may be recoverable under an unjust enrichment theory but argues that SFR has provided no evidence of having made any such expenditures.  Specifically, when asked via discovery to produce any documents reflecting maintenance or improvements to the Property, SFR gave a nonresponsive answer consisting only of an objection.  Although the failure to produce any such documents if they existed was unjustified, it does not strictly constitute an admission that there is no such evidence.  The Court would grant summary judgment against this claim if SFR could produce no such evidence but would be inclined to deny summary judgment if it could.

Next, because Wells Fargo properly foreclosed under the DOT, its foreclosure-related activities cannot have constituted improper interference with SFR's contractual relations with any lessee, even assuming a lease existed, and the Court would be inclined to grant summary judgment against this claim as a matter of law had SFR not abandoned it.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Summary Judgment (ECF Nos. 99, 100) are GRANTED, and the Motion for Summary Judgment (ECF No. 101) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 111) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall SUBMIT a proposed form of judgment within fourteen (14) days.

IT IS SO ORDERED.

DATED:  This 13th day of October, 2016.

_____
ROBERT C. JONES
United States District Judge