# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK N.A., <br><br> Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant. | 2:13-cv-01231-RCJ-GWF <br><br> **ORDER** |

This case arises out of a homeowners' association ("HOA") foreclosure sale. Pending before the Court is a motion to certify a question of law to the Nevada Supreme Court.

## I.  FACTS AND PROCEDURAL HISTORY

On or about February 9, 2005, Anthony V. Roybal gave Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") a $270,000 promissory note ("the Note") in exchange for proceeds in that amount to purchase real property at 2280 Laramine River Dr., Henderson, NV 89502 ("the Property"), as well as a first deed of trust ("the DOT") against the Property. (*See* Am. Compl. ¶¶ 4, 8–9, ECF No. 79). Wells Fargo became the assignee of the Note and DOT on or before May 24, 2010, when the assignment was recorded. (*See id.* ¶ 10). When Roybal became delinquent on his HOA dues, Nevada Association Services, Inc., as agent for Sunrise Ridge Manor HOA ("the HOA"), recorded an HOA lien against the Property and conducted a

foreclosure sale at which Defendant SFR Investments Pool 1, LLC ("SFR") purchased the Property for $18,000. (*Id.* ¶¶ 11–14).

Wells Fargo sued SFR in this Court for declaratory relief that the HOA foreclosure did not extinguish the first mortgage, and to quiet title to that effect. Defendant filed counterclaims and third-party claims against Wells Fargo, Roybal, and Bank of America, N.A. ("BOA") for declaratory relief that the HOA foreclosure extinguished Plaintiff's first mortgage, BOA's second mortgage, and any interest of Roybal in the Property, to quiet title to that effect, and for unjust enrichment. Wells Fargo and SFR filed cross motions for summary judgment. The Court granted Wells Fargo's motion and denied SFR's. SFR and BOA later filed a stipulation that BOA's second deed of trust was extinguished by the HOA foreclosure sale and that BOA claimed no interest in the Property. SFR asked the Clerk to enter default against Roybal as to its third-party claims, but the Court denied the motion because there was no evidence of service upon Roybal. The Clerk entered default after SFR submitted proof of service. The Court granted a stipulation to vacate its previous summary judgment order when the Nevada Supreme Court decided *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), ruling that HOA foreclosures extinguished first deeds of trust under Nevada Revised Statutes section ("NRS") 116.3116.

In the meantime, Wells Fargo had conducted a non-judicial foreclosure sale of the Property under Chapter 107 at which it purchased the Property itself. (*See* Am. Compl. ¶¶ 18–21). Wells Fargo filed the Amended Complaint ("AC") for declaratory relief, quiet title, and unjust enrichment. SFR filed the Counterclaim for quiet title, declaratory relief, wrongful foreclosure, unjust enrichment, injunctive relief, and intentional interference with contractual relations.

Wells Fargo filed two summary judgment motions, and SFR filed one.  The Court granted Wells Fargo's motions and denied SFR's, ruling that the notice procedure under Chapter 116 was facially unconstitutional under the Due Process Clause of the Fourteenth Amendment, *see Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1160 (9th Cir. 2016), that the common law wrongful foreclosure counterclaim therefore necessarily also failed, that any action under Chapter 107 was untimely, and that the counterclaims for unjust enrichment and intentional interference with contractual relations would fail even if SFR had not withdrawn them.  The Court solicited a proposed judgment from Wells Fargo.  Wells Fargo complied, and the Court has entered judgment.  After Wells Fargo submitted the proposed judgment, but before the Court entered it, SFR asked the Court to certify a question of law to the Nevada Supreme Court.

## II.     CERTIFICATION STANDARDS

The Court may certify a question to the Nevada Supreme Court if the answer to the question will be "determinative of the cause." *See* Nev. R. App. Proc. 5(a); *Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1164 (Nev. 2006) (adopting the Arkansas–California–New Mexico interpretation of "determinative of the cause" as meaning that the answer will be determinative of at least part of the federal case).

## III.    ANALYSIS

SFR asks the Court to certify the following question to the Nevada Supreme Court: "Does NRS 116.31168(1)'s incorporation of NRS 107.090 require homeowners' associations to provide notices of sale to banks even when a bank does not request notice?"  The Court will not certify the question.  As the Court has ruled in a previous case after careful analysis of the language of the statute, the statute's legislative history, and the Nevada Supreme Court's own

language interpreting the statute's operation, the answer is "no." *See U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1079–80 (D. Nev. 2015) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014)). The Court of Appeals has since ruled in accord. *See Bourne Valley Court Tr.*, 832 F.3d at 1159 (reasoning that NRS 116.31168's incorporation of NRS 107.090(3)–(4) would render NRS 116.31163 and 116.311635 superfluous). Absent intervening, contrary, binding authority, i.e., from the U.S. or Nevada Supreme Courts, this Court is bound by the Court of Appeals' rulings as to Nevada law. *See Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1111 (9th Cir. 2016).

Even assuming that the Nevada Supreme Court were to rule that the statutes as they existed at the relevant time required notice of sale to first deed of trust holders, SFR would still have to show compliance. SFR does not even appear to claim any party's attempt to mail the notice of sale to Wells Fargo, and any conclusive presumption of notice under state law would itself be facially infirm under the Due Process Clause. Reasonable notice under the Due Process Clause is a factual inquiry "under all the circumstances" that cannot be obviated by legal presumptions under state (or federal) law. *See Jones v. Flowers*, 547 U.S. 220, 226–27 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799 (1983); *see also United States v. Simmons*, 476 F.3d 33, 36–37 (9th Cir. 1973) (holding that regulations establishing irrebuttable or conclusive presumptions of receipt of mailed notices violate due process). A statute that explicitly disregarded the actual factual circumstances of notice in favor of a conclusive presumption would be facially infirm under the Due Process Clause, at least where the thing to be noticed is an impending loss of property rights.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Certify (ECF No. 1118) is DENIED.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge